# CIRCUIT COURT OF THE CITY OF SALEM

Wendy Dawn Van Gulik

v.

Mark David Anthony Van Gulik

December 21, 2007

Case No. CL07-394

BY JUDGE ROBERT P. DOHERTY, JR.

The parties separated in Wisconsin and Wife obtained a protective order against Husband. Wife then left the state with the parties' three children and settled in Virginia. Husband filed suit for legal separation and custody in Wisconsin, where the parties and their children had lived for more than six months. Wife was served shortly after her arrival in Virginia. Eight months later, Wife, as Plaintiff, filed for custody of the children in the Salem Juvenile and Domestic Relations District Court and filed three false affidavits, swearing that no other custody proceeding was pending in any other state. Wife argues that because the children were in Virginia for more than six months prior to the filing of her custody petition, Virginia has become their home state under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), § 20-146.1, Code of Virginia (1950), as amended, thereby giving Virginia courts jurisdiction to adjudicate custody.

Husband, the Defendant in the custody proceeding in Virginia, made a special appearance to. challenge the jurisdiction of the Virginia courts. He argued that Wife swore falsely in filing her child custody petitions; that there was no physical threat to the children that would give rise to the exercise of emergency jurisdiction; that Virginia did not have custody jurisdiction despite the fact that the children had lived here more than six months; and that, even if such jurisdiction existed, the exercise of it is prohibited because a court of another state has earlier commenced custody proceedings. The question of

jurisdiction was adjudicated in the Salem Juvenile and Domestic Relations District Court, to which determination Wife makes this *de novo* appeal. Evidence was presented by stipulation, and arguments were made orally and in writing.

Plaintiff Wife clearly perpetrated a fraud upon the courts of this Commonwealth when she filed her custody petitions and her false affidavits. Had she told the truth, the Juvenile and Domestic Relations District Court would have initially refused her petition, or in the alternative, would have immediately applied § 20-146.17, Code of Virginia (1950), as amended, as this Court now does, and refused to exercise jurisdiction. Subsection A of § 20-146.17 requires that "a court of this Commonwealth may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been previously commenced in a court of another state having jurisdiction substantially in conformity with this act. . . ." Prior to Wife's filing her Virginia custody petitions, a divorce and custody proceeding had already been commenced in Wisconsin, a state having jurisdiction substantially in conformity with the UCCJEA. Therefore, whatever jurisdiction this Court might have will not be exercised.

In an attempt to also comply with subsection B of § 20-146.17, this Court communicated by telephone with The Honorable John C. Albert, Judge of the Circuit Court of Dane County, Wisconsin, who is presiding over the party's divorce and custody case. He did not believe that a Virginia court would be a more appropriate forum for the custody determination. He also noted that Plaintiff Wife had recently appeared in his jurisdiction and was working with court personnel and related social service agencies to prepare for her custody hearing. Accordingly, this Virginia proceeding will be dismissed.

In the alternative, Plaintiff Wife's actions in filing fraudulent affidavits in the Virginia courts are reprehensible acts and constitute unjustifiable conduct as contemplated by § 20-146.19, Code of Virginia (1950), as amended. Because of that behavior, this Court declines to exercise any jurisdiction it may have involving these custody petitions. As authorized by § 20-146.19(C), necessary and reasonable expenses as defined therein will be assessed as a judgment against Plaintiff Wife.

Documentation of Defendant Husband's costs and expenses should be provided to the Court when the final endorsed order is presented, so that the appropriate judgment can be included in the final order.